UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| AUTUMN C.[1], | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   CIVIL NO. 3:22cv401 |
| | ) |
| KILOLO KIJAKAZI, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
|    Defendant. | ) |

OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Supplemental Security Income under Title XVI of the Social Security Act. Section 405(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing." It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. §405(g).

The law provides that an applicant for disability benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of no less than 12 months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities

---

[1] For privacy purposes, Plaintiff's full name will not be used in this Order.

which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). It is not enough for a plaintiff to establish that an impairment exists. It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity. *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979). It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff. *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g). "Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977). "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after a hearing, the Administrative Law Judge ("ALJ") made the following findings:

1. The claimant has not engaged in substantial gainful activity since February 13, 2020, the current application date (20 CFR 416.971 *et seq*.).

2. The claimant has the following severe impairments: obesity, chronic pain syndrome, myofascial pain syndrome, fibromyalgia, occipital neuralgia, diabetes

2

       mellitus, peripheral neuropathy, obstructive sleep apnea, osteoarthritis (in her feet, knees, and elbows), generalized anxiety disorder, and depression (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except that she should never climb ladders, ropes, or scaffolds, and she can only occasionally engage in the climbing of ramps and stairs, balancing, stooping, kneeling, crouching, and crawling. She also can perform frequent overhead reaching with the dominant right upper extremity and only occasional pushing and pulling with the dominant right upper extremity. She should avoid unprotected heights and dangerous machinery with unprotected moving mechanical parts. The claimant can further perform work involving simple instructions and routine, repetitive tasks (defined as tasks and instructions that can be learned through short demonstration, up to and including one month), but she cannot perform work requiring a specific production rate, such as assembly-line work. She also can meet production requirements that allow a flexible and goal-oriented pace, and she can maintain the focus, persistence, concentration, pace, and attention to engage in such tasks for two-hour increments, for eight-hour workdays, within the confines of normal work breaks and lunch periods. She can further make simple work-related decisions, deal with changes in a routine work setting, and tolerate frequent interaction with supervisors, co-workers, and the general public (contact with supervisors still includes what is necessary for general instruction, task completion, or training).

5. The claimant is unable to perform any past relevant work (20 CFR 416.965).

6. The claimant was born on November 17, 1975 and was 44 years old, which is defined as a younger individual age 18-44, on the date the current application was filed. The claimant subsequently changed age category to a younger individual age 45-49 when she attained age 45 and she has not changed age categories as of the date of this decision (20 CFR 416.963).

7. The claimant has at least a GED/high school education (20 CFR 416.964).

8. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual

>    functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969a).
>
> 10. The claimant has not been under a disability, as defined in the Social Security Act, since February 13, 2020, the date the current application was filed (20 CFR 416.920(g)).

(Tr. 22-33).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to benefits, leading to the present appeal.

Plaintiff filed her opening brief on November 3, 2022.  On November 28, 2022 the defendant filed a memorandum in support of the Commissioner's decision, to which Plaintiff replied on January 12, 2023. Upon full review of the record in this cause, this court is of the view that the Commissioner's decision should be remanded.

A five step test has been established to determine whether a claimant is disabled.  *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987).  The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order:  (1)  Is the claimant presently unemployed?  (2)  Is the claimant's impairment "severe"?  (3)  Does the impairment meet or exceed one of a list of specific impairments?  (4)  Is the claimant unable to perform his or her former occupation?  (5)  Is the claimant unable to perform any other work within the economy?  An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled.  A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162

n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984).   In the present case, Step 5 was the determinative inquiry.

In support of remand Plaintiff first argues that the ALJ committed error when she failed to submit new medical evidence (a brain MRI and lumbar puncture) to medical expert review.

An ALJ needs to make a "reasonable effort" to ensure that the record contains sufficient information to assess the claimant's RFC and make a disability determination. *Martin v. Astrue*, 345 F. App'x 197, 201 (7th Cir. 2009), 20 C.F.R. § 416.912(b). Updated medical opinions are generally only required "'if later evidence containing new, significant medical diagnoses reasonably could have changed' the physician's views.*" Pavlicek v. Saul*, 994 F.3d 777, 784-85 (7th Cir. 2021) (quoting *Moreno v. Berryhill*, 882 F.3d 722, 728  (7th Cir. 2018)).

In the present case, Plaintiff first saw a neurologist for evaluation of extremity paresthesias dizziness, and fatigue in January 2021, and the neurologist noticed decreased sensation in her feet and ankles, pain over her occipitals with palpation, and minimal titubation when tandem walking. (Tr. 540). He ordered a brain MRI, which revealed white matter lesions and abnormal signal intensity that had progressed since  2017 imaging. (Tr. 538). Nerve conduction studies ruled out a neuropathic explanation for the lower extremity numbness. (Tr. 531). A lumbar puncture was obtained, but the results still did not appear to explain the cause of the symptoms and clinical findings. (Tr. 696-702). The most recent state agency consultant review of the record occurred in November 2020. (Tr. 82-97).  Plaintiff points out that no physician has provided any interpretation of the  test results or has provided a definitive diagnosis of her condition, yet the clinical findings and subsequent objective test results were present in the record and were available for  the ALJ to review.

5

While a "claimant bears the burden of producing medical evidence that supports her claims of disability," this "burden is to produce evidence, not opinions." *Kemplen*, 844 Fed. Appx. at 887 (quoting *Eichstadt v. Astrue*, 534 F.3d 663, 668 (7th Cir. 2008); citing *Scott*, 647 F.3d at 741). The Seventh Circuit has "said repeatedly that an ALJ may not 'play[] doctor' and interpret 'new and potentially decisive medical evidence' without medical scrutiny." *McHenry*, 911 F.3d at 871 (quoting *Goins v. Colvin*, 764 F.3d 677, 680 (7th Cir. 2014)). The Seventh Circuit has also repeatedly held that remand is appropriate when an ALJ interprets on their own results of an MRI obtained only after consultant review. *See, e.g., McHenry*, 911 F.3d at 871-72; *Akin v. Berryhill*, 887 F.3d at 317-18.

This Court agrees with Plaintiff that remand is required so that the ALJ can seek the opinion of a medical expert who can interpret the results of the MRI and lumbar puncture to determine if Plaintiff has any greater limitations than those the ALJ incorporated into her RFC determination. Thus, remand will be ordered.

Plaintiff also argues that the ALJ failed to properly evaluate the medical opinions of record. Dr. Nordstrom, the consultative psychological examiner, opined that Plaintiff "presents with generalized anxiety that appears to be exacerbated by chronic pain and physical limitations. She is currently prescribed medication for anxiety with some mild relief. It appears that anxiety can cause [Plaintiff] to stay at home. She presents with average cognitive ability and her long term memory appears to be grossly intact. She presents with fair ability to sustain concentration. It appears that anxiety interferes with her ability to interact socially due to feeling overwhelmed." (Tr. 373).

Dr. Ehmen, the consultative physical examiner, opined that Plaintiff could "communicate

6

effectively and will not have difficulty maintaining focus and concentration," could "stand/walk at least 2 hours in an 8 hour day," could "stand if not prolonged and walk for [a] short distance or time part of the day," could lift 10 to 20 pounds occasionally and under 10 pounds frequently; "does need to alternate sitting and standing regularly," and could "perform fine and gross movements effectively." (Tr. 378). Plaintiff claims that it would be proper for the ALJ to disregard Dr. Ehmen's opinion on focus and concentration since he was providing a physical examination and is not a psychologist. If Dr. Ehmen's opinion is disregarded, that only leaves an opinion that essentially limits Plaintiff to sedentary work with a need for alternating between sitting and standing "regularly."

Dr. Karl, the treating pain management physician, provided a medical opinion on August 3, 2021. (Tr. 645-49). He noted clinical findings of bilateral trapezius tenderness, limited range of motion in the lower extremities, and antalgic gait—recurrent findings in his own treatment notes. (Tr. 645; Tr. 491-92, 479-80, 487-88, 495-96, 499-500, 503, 507-08). He believed that depression contributed to Plaintiff's physical condition. (Tr. 646). He also believed that she would constantly experience pain or other symptoms that were severe enough to interfere with the attention and concentration needed to perform even simple work tasks. *Id*. He opined that she could sit 15 minutes at a time and less than two hours total in an eight-hour workday, could stand 10 minutes at a time, and could stand and walk less than two hours total in the workday. (Tr. 646-47). He opined that Plaintiff would need to walk around every 15 minutes for 5 minutes at a time. (Tr. 647). He believed that she needed a job that permitted shifting positions at will, she would need daily unscheduled 15-minute breaks, and she would need to keep her legs elevated to waist level 50% of the time when seated. He did not believe that she needed an assistive device

7

with occasional standing or walking. He estimated that she could lift and carry less than 10 pounds occasionally and 10 pounds rarely. *Id*. He further estimated that she could occasionally hold her head in a static position; could rarely look down, turn her head right or left, look up, twist, and stoop; and could never crouch, climb ladders, or climb stairs. (Tr. 648). He did not believe that she had limitations with reaching, handling, or fingering. He opined that she would likely be absent from work as a result of her impairments or treatment on more than four days per month. *Id*.

When considering the severity of Plaintiff's mental impairments, the ALJ considered the opinions of the state agency psychologists, Dr. Nordstrom, and Dr. Karl. She said that Dr. Nordstrom's opinion was "persuasive as it is well-supported by Dr. Nordstrom's own report for the claimant . . . and because it is generally consistent with the other evidence of record." (Tr. 26). The ALJ noted that Dr. Karl's opinion was "not particularly persuasive because it is not well supported by Dr. Karl's own progress notes for the claimant . . . and because it is not generally consistent with the other evidence of record . . . . Dr. Karl is also not a mental health specialist, as is Dr. Nordstrom." *Id*.  However, inexplicably, the ALJ did not adopt Dr. Nordstrom's persuasive opinion, nor did she explain her departure from that opinion. Thus, remand is warranted so that the ALJ can provide well-reasoned, supported analysis in a new decision.

Likewise, the ALJ erred in her assessment of Plaintiff's limitations in social interaction, concentration, persistence and pace. The ALJ's decision is so lacking on these points that it leaves the Court speculating as to the basis for the RFC limitations, which is unacceptable. *Moore*, 743 F.3d at 1127-28).  Thus, remand is appropriate on this basis also, so that the ALJ can provide a logical and accurate bridge between the evidence and her conclusions.

<u>Conclusion</u>

On the basis of the foregoing, the decision of the Commissioner is hereby REVERSED AND REMANDED for further proceedings consistent with this Opinion.

Entered: January 23, 2023.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court
